**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **ANDINA CAPITAL MANAGEMENT, LLC, a Utah limited liability company; et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ZEB LOWE, an individual; et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:26-cv-00096-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Plaintiffs Andina Capital Management, LLC; Andina Capital Partners, LLC (collectively, "Andina"); Ryan Bohm; RMB Ventures, LLC; Tanner Dance; TDWellington, LLC; Eric Barlow; and Cottonwood Investment Management, LLC (collectively with Andina, "Plaintiffs") moved for expedited discovery.[2] Based upon the analysis set forth below, the court grants in part and denies in part Plaintiffs' motion.

## BACKGROUND

Andina—which is a Utah-based registered investment advisor—filed this lawsuit on June 23, 2026.[3] Andina alleges that it that developed a proprietary investment platform, which

---

[1] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 53.

[2] ECF No. 91.

[3] ECF No. 1.

includes investment research, model portfolios, allocation methodologies, screen criteria, client data, pricing information, and other confidential business information (collectively, "Andina Proprietary Information").[4] Plaintiffs contend that Defendants Zeb Lowe; Brett Belliston; Penny Paul; L3 Investments, LLC; Jeta Family, LLC; Tanara Wealth Management, LLC; and Tanara Capital Partners, LLC (collectively, "Tanara Defendants")—some of whom were managers, members, officers, and fiduciaries of Andina—misappropriated the Andina Proprietary Information.[5] Plaintiffs claim that the Tanara Defendants shared the Andina Proprietary Information with Defendants Joshua Flade and Park City Investment Solutions, LLC ("PCIS") (collectively, "PCIS Defendants") and that the PCIS Defendants collaborated in the Tanara Defendants' misappropriation of the Andina Proprietary Information by using that information to create an investment platform for the Tanara Defendants.[6]

Upon filing their complaint, Plaintiffs moved for a preliminary injunction to prohibit the Tanara Defendants and the PCIS Defendants from accessing, using, or disclosing the Andina Proprietary Information.[7] At a September 11, 2026 status conference, the court set a two-day evidentiary and oral argument hearing on Plaintiffs' motion for November 5-6, 2026.[8] The court also required the parties to file their respective witness lists and submit their respective hearing exhibits on or before October 21, 2026.[9]

---

[4] *See generally id.*

[5] *See generally id.*

[6] *See generally id.*

[7] *See generally* ECF No. 2.

[8] ECF No. 84; *see also* ECF No. 85; ECF No. 86.

[9] ECF No. 85.

Two weeks after the status conference, Plaintiffs moved for expedited discovery related to their motion for preliminary injunction.[10] Plaintiffs seek: (1) leave to serve five requests for production and three interrogatories on the Tanara Defendants, (2) leave to serve three requests for production and two interrogatories on the PCIS Defendants, and (3) an order imposing accelerated responses to those discovery requests.[11] Plaintiffs propose the following discovery requests for the Tanara Defendants:

REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

> For each Model[12] that Tanara[13] has created, modified, tested, or used during the Relevant Period,[14] produce: the Model itself, as saved in any medium or platform, and all versions thereof (identifying specifically the version in current use), with any documents needed to identify how the Model's criteria, thresholds, weighting, and rules are selected including any testing or analysis of how the Model would have performed using historical market data; and all documents reflecting any review or approval of the Model before it was first used with client assets, including investment committee minutes or materials.[15]

---

[10] ECF No. 91.

[11] *See generally id.*

[12] Plaintiffs defined "Model" as "any investment model, stock or security screen, model portfolio, allocation table, sleeve, style, investment policy statement, structured-note methodology or sizing tool, rebalancing template, and any spreadsheet, workbook, or tool used to allocate a new or existing client account, however named, labeled, or relabeled, and whether or not currently in use." ECF No. 91-1 at 3 of 13.

[13] Plaintiffs defined "Tanara" as "Tanara Wealth Management, LLC and Tanara Capital Partners, LLC, or either of them." *Id.*

[14] Plaintiffs defined "Relevant Period" as "October 1, 2025 through the date of response." *Id.* at 4 of 13.

[15] *Id.* at 10 of 13.

REQUEST NO. 2

> All Documents[16] concerning or evidencing any deletion of, or change to the name, label, classification, criteria, thresholds, weightings, or structure of, any Model during the Relevant Period, including the date of each and the person who made it, as reflected in any Platform[17] change history or audit log and in any file-storage audit log (such as Microsoft 365, SharePoint, OneDrive, or Google Drive). Such request encompasses, without limitation, all communications concerning any such deletions or changes.[18]

REQUEST NO. 3

> For each third party Platform that has been used by You[19] in connection with any Model, including without limitation Black Diamond, iRebal, and Schwab, produce documents sufficient to show, as of April 8, 2026[,] and as of the first day of each month thereafter, each Model to which any client account was assigned, the account number of each account assigned to it, and the assets under management in each, produced in native or exportable spreadsheet format; and, for each client account allocated to or funded into any Model after April 8, 2026, the completed allocation spreadsheet or worksheet used for that account and documents sufficient to show the date of the allocation, the Model, and the resulting trades.[20]

REQUEST NO. 4

> All documents concerning the process by which Tanara identifies, prices, sizes, allocates, or monitors structured-note purchases for client accounts, including any standard operating procedure, investment policy statement, tracking spreadsheet, or sizing

---

[16] Plaintiffs defined "Document" very broadly but generally stated that the term was "synonymous in meaning and equal in scope to the usage of that term in" Fed. R. Civ. P. 34. *Id.* at 4 of 13.

[17] Plaintiffs defined "Platform" as "any third-party software, service, or data source used to screen, construct, allocate, rebalance, trade, report on, or monitor a Model, including Black Diamond, iRebal, Equities Lab, and Schwab." *Id.*

[18] *Id.* at 10 of 13.

[19] Plaintiffs defined "You," "Your," and "Yours" as the "Tanara Defendants." *Id.* at 3 of 13.

[20] *Id.* at 11 of 13.

worksheet, including without limitation all communications during the Relevant Period concerning the development of that process.[21]

REQUEST NO. 5

All documents concerning the acquisition, download, transfer, copying, storage, possession, or deletion of any Andina Material,[22] including any copy of the Investment Suite Dashboard,[23] Investment Suite,[24] or the Andina Schwab SN[25] process spreadsheet; documents sufficient to show every location where any Andina Material has been stored since November 1, 2025; and any communication instructing that Andina Material be saved, moved, transmitted, copied, or deleted.[26]

INTERROGATORIES

INTERROGATORY NO. 1

State whether any Tanara Defendant has accessed, downloaded, stored, consulted, referenced, or used any Andina Material, including the Investment Suite Dashboard, since November 1, 2025, and for each item identify the item, who accessed or used it, for what purpose, and where every copy is currently located.[27]

---

[21] *Id.*

[22] Plaintiffs defined "Andina Material" as "any document, file, spreadsheet, workbook, Model, screen, formula, allocation table, procedure, or data created by or for Andina, or stored on any Andina system, including Andina's SharePoint, OneDrive, and OneNote environments and any Andina account used by Tanner Dance or any Defendant, and any copy, extract, excerpt, or derivative of any of them." *Id.* at 3-4 of 13.

[23] Plaintiffs defined "Investment Suite Dashboard" as "the multi-tab Andina workbook known as the Investment Suite Dashboard, as distinct from the single-tab investment menu, and any copy, tab, extract, or derivative of it." *Id.* at 4 of 13.

[24] Plaintiffs did not define "Investment Suite."

[25] Plaintiffs did not define "Andina Schwab SN."

[26] *Id.* at 11 of 13.

[27] *Id.* at 12 of 13.

INTERROGATORY NO. 2

> For each Model Tanara currently uses, describe how it was developed, built, or acquired, and how it is currently operated from data inputs to the resulting trade or allocation, including the Platforms, data sources, criteria, weightings, and allocation and sell rules applied, and the persons involved in the development or creation of such model, and state the date it was first used with client assets.[28]

INTERROGATORY NO. 3

> For each Model, state as of April 8, 2026, and as of the first day of each month thereafter, the number of client accounts invested in or managed under it, the unique identifier of each such account, and the assets under management in each, and for each account allocated to a Model after April 8, 2026, state the date of the allocation.[29]

Plaintiffs propose the following discovery requests for the PCIS Defendants:

REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

> Each Model,[30] style, allocation, portfolio structure, investment menu, or other work product PCIS created for, delivered to, or maintains for Tanara,[31] including the version in use as of the date of service of these requests, and all drafts and prior versions, including without limitation all versions of the Tanara Investment Menu and the GTE Plus Allocation Worksheet.[32]

---

[28] *Id.*

[29] *Id.*

[30] Plaintiffs defined "Model" in the same manner as in their discovery requests to the Tanara Defendants. ECF No. 91-2 at 3 of 11.

[31] Plaintiffs defined "Tanara" in the same manner as in their discovery requests to the Tanara Defendants. *Id.*

[32] *Id.* at 9-10 of 11. Plaintiffs did not define "Tanara Investment Menu" or "GTE Plus Allocation Worksheet."

REQUEST NO. 2

All documents and communications, during the Relevant Period,[33] exchanged with any Tanara Defendant concerning investment modeling, Model creation or construction, portfolio allocation, structured notes, investment due diligence, Andina, Andina Material,[34] or Tanara's investment platform or offerings[.][35]

REQUEST NO. 3

All documents and communications, during the Relevant Period, exchanged with any third party, including other advisers or subadvisers, that reference Andina, Andina Material, Tanara, or any Model received from or created for Tanara.[36]

INTERROGATORIES

INTERROGATORY NO. 1

Identify every person to whom PCIS transmitted, disclosed, or made available any document received from a Tanara Defendant, or any Model or work product derived in whole or in part from such a document, and for each state the date and describe what was transmitted.[37]

INTERROGATORY NO. 2

For the Andina Investment Suite, the March 11, 2026 GTE Plus Allocation Worksheet, and any other document PCIS received from a Tanara Defendant, describe how PCIS used it, including whether and how it was incorporated into, relied on in, or used as a starting point for any Model or deliverable, and state when and how Mr.

[33] Plaintiffs defined "Relevant Period" in the same manner as in their discovery requests to the Tanara Defendants. *Id.* at 4 of 11.

[34] Plaintiffs defined "Andina Material" in the same manner as in their discovery requests to the Tanara Defendants. *Id.* at 3-4 of 11.

[35] *Id.* at 10 of 11.

[36] *Id.*

[37] *Id.*

> Flade or Mr. Goodale first understood that any such material originated with Andina.[38]

The day before the Tanara Defendants' and the PCIS Defendants' responses to Plaintiffs' motion for expedited discovery were due, Plaintiffs filed a document they referred to as "supplementation to their original motion."[39] In that document, Plaintiffs generally sought "a broadening of the information requested in their" motion for expedited discovery with respect to the Tanara Defendants.[40]

The following day, the Tanara Defendants opposed Plaintiffs' motion by contending that it should be denied and that expedited discovery should not be permitted.[41] The Tanara Defendants further argued that if the court permits expedited discovery, that discovery should be limited by: (1) permitting only discovery necessary to resolve Plaintiffs' motion for preliminary injunction; (2) requiring that any expedited discovery be targeted and reciprocal; (3) permitting the Tanara Defendants discovery responses to be designated as Attorneys' Eyes Only ("AEO") under the court's Standard Protective Order ("SPO"); and (4) providing a reasonable deadline for the Tanara Defendants' discovery responses.[42] As to their second requested limitation, the Tanara Defendants provided the following table of their proposed reciprocal discovery:[43]

---

[38] *Id*. at 10-11 of 11.

[39] ECF No. 97 at 5.

[40] *Id*. at 1.

[41] *See generally* ECF No. 100.

[42] *See generally id*.

[43] *Id*. at 10-11.

| **Tanara Defendants to Produce:** | **Plaintiffs to Produce:** |
|---|---|
| Current copies of the investment model spreadsheets Tanara has used from April 9, 2026 to the present (*i.e.*, the analogue to the "Andina Investment Suite" filed as Exhibit I to Plaintiffs' reply in support of the motion for preliminary injunction). | Current copies of the investment model spreadsheets Andina has used from April 9, 2026 to the present. |
| Any copy of the "Andina Investment Suite" that is identical or substantially similar to Exhibit I to Plaintiffs' reply in support of the motion for preliminary injunction in Tanara's possession, to the extent it can be located by non-Tanara employees. | |
| Tanara's investment committee notes from April 8, 2026 to the present. | Andina's investment committee notes from April 8, 2026 to the present. |
| For all trades for clients from April 9, 2026 to September 30, 2026, a report showing the transaction type (buy or sell), the account number (masked), the trade date, and the ticker for the following styles:<br>Glbl Target Equity 60 + Select Dividend<br>Glbl Target Equity 100 + Select Quality<br>Glbl Target Equity 80 + Select Quality<br>Glbl Target Equity 60 + Select Quality<br>Global Target Equity 100<br>Global Target Equity 20<br>Global Target Equity 40<br>Global Target Equity 60<br>Global Target Equity 80<br>Select Dividend<br>Select Large Cap<br>Select Quality | For all trades for clients from April 9, 2026 to September 30, 2026, a report showing the transaction type (buy or sell), the account number (masked), the trade date, and the ticker for the following styles:<br>Glbl Target Equity 60 + Focused Quality<br>Glbl Target Equity 80 + Focused Quality<br>Glbl Target Equity 100 + Focused Quality<br>Glbl Target Equity 60 + Focused Dividend<br>Glbl Target Equity 80 + Focused Dividend<br>Glbl Target Equity 100 + Focused Dividend<br>Glbl Target Equity 60 + Focused Large Cap<br>Glbl Target Equity 80 + Focused Large Cap<br>Glbl Target Equity 100 + Focused Large Cap<br>Global Target Equity 100<br>Global Target Equity 20<br>Global Target Equity 40<br>Global Target Equity 60<br>Global Target Equity 80<br>Focused Dividend Growth Portfolio<br>Focused Large Cap Portfolio<br>Focused Quality US Portfolio |
| A report showing a snapshot of the aggregate of the client holdings in the investments listed immediately above as of April 9, 2026 and September 30, 2026. | A report showing a snapshot of the aggregate of the client holdings in the investments listed immediately above as of April 9, 2026 and September 30, 2026. |
| Tanara's structured notes standard operating procedure. | Andina's structured notes standard operating procedure. |
| Tanara's worksheets for each structured note trade from April 9, 2026 to October 1, 2026. | Andina's worksheets for each structured note trade from April 9, 2026 to October 1, 2026. |
| A sample email exchange between Tanara and a structured-note issuer dated after April 9, 2026, and a preliminary and final prospectus for the trade, showing how Tanara sizes and tracks structured note investments. | A sample email exchange between Andina and a structured-note issuer dated after April 9, 2026, and a preliminary and final prospectus for the trade, showing how |

| | |
|---|---|
| | Andina sizes and tracks structured note investments. |
| File deletion report for Zeb Lowe, Brett Belliston, and Penny Paul for January 1, 2026 through June 30, 2026. | MoveBot data transfer logs, showing all Andina digital information transferred to the Tanara Defendants. |
| | All Teams messages containing communications to or from Brett Belliston, Zeb Lowe, or Penny Paul. |
| A description, in the form of an interrogatory response, of what stock screeners Tanara is currently using. | |
| A description, in the form of an interrogatory response, of what Tanara has done with client investment holdings in Tanara's "Dynamic Allocation Model" since April 8, 2026. | |

The PCIS Defendants also opposed Plaintiffs' motion, contending that the court should deny the motion and not permit any expedited discovery.[44] Similar to the Tanara Defendants, the PCIS Defendants further argue that in the event the court permits expedited discovery, the court should narrow its scope by: (1) limiting any discovery requests to the PCIS Defendants' most recent version of the investment platform they created for the Tanara Defendants; (2) requiring Plaintiffs to produce reciprocal discovery; (3) permitting the PCIS Defendants' discovery responses to be designated AEO under the SPO; and (4) providing a longer period for the PCIS Defendants to provide discovery responses.[45]

Plaintiffs' reply memorandum in support of their motion for expedited discovery accepted the Tanara Defendants' list of proposed discovery requests as that list applies to the Tanara Defendants but proposed the following seven additions that would require the Tanara Defendants to: (1) produce "[n]ative files, metadata, and version history from October 1, 2025," to the date of production for the Tanara Defendants' investment model spreadsheets, rather than only current

---

[44] *See generally* ECF No. 99.

[45] *See generally id.*

copies of the investment model spreadsheets;[46] (2) produce the "model files and trades" for the Tanara Defendants' Dynamic Allocation Model, rather than only "a narrative description written by counsel" in response to the Tanara Defendants' proposed interrogatory about the Dynamic Allocation Model;[47] (3) produce "[t]rades and holdings, with consistent account identifiers through the date of production, for every style and model" in the Tanara Defendants' "Black Diamond and iRebal environment," rather than only the styles identified in the Tanara Defendants' proposal;[48] (4) produce audit and deletion records "through the date of production," rather than audit and deletion records only until June 30, 2026;[49] (5) produce "[e]very version of the Investment Suite" located by the Tanara Defendants' forensic vendor, with metadata;[50] (6) provide in response to the Tanara Defendants' "proposed screener interrogatory," "the inputs data sources, and first-use date of each screen";[51] and (7) answer an additional interrogatory "identifying each outside consultant, firm, or individual who helped build or run" the Tanara Defendants' "models or structured-note process," and what each received.[52]

In addition to those seven items, Plaintiffs also request that the court order the Tanara Defendants to "[e]xport the full Microsoft 365 unified audit log for" the Tanara Defendants' "tenant" and "[s]erve a sworn certification" "stating what was exported," the Tanara Defendants

---

[46] ECF No. 105 at 6.

[47] *Id.* at 7.

[48] *Id.*

[49] *Id.*

[50] *Id.* at 8.

[51] *Id.*

[52] *Id.*

"audit tier," and "the earliest date still available."[53] As for reciprocal production, Plaintiffs contend that they should be required to produce only "Andina's trades and holdings from April 9, 2026[,] through the date of production for the Andina styles corresponding to the . . . styles and models produced" by the Tanara Defendants and "Andina's models and structured-note process as of April 8, 2026."[54] Plaintiffs also maintain that the court should not permit the Tanara Defendants and the PCIS Defendants to designate any of their expedited discovery responses as AEO under the SPO.[55] Finally, Plaintiffs argue that the PCIS Defendants should be required to respond to Plaintiffs' proposed discovery requests.[56]

Because of the unusual nature of Plaintiffs' supplement to their motion for expedited discovery, the court convened a status conference on October 9, 2026.[57] After hearing argument from counsel, the court ordered Plaintiffs to submit any additional proposed discovery requests related to the supplement by no later than October 10, 2026, and permitted the Tanara Defendants to file a response to those discovery requests by October 14, 2026.[58] Within hours after the conclusion of the status conference, Plaintiffs withdrew their supplement, indicating that they no longer sought expedited discovery on the issues identified in the supplement.[59]

---

[53] *Id*. at 9.

[54] *Id*. at 11.

[55] *Id*. at 10.

[56] *Id*. at 11.

[57] ECF No. 108.

[58] *Id*.

[59] ECF No. 106.

Consequently, Plaintiffs asked the court to decide their motion for expedited discovery based on the submitted briefing.[60]

## ANALYSIS

The court grants in part and denies in part Plaintiffs' motion for expedited discovery. For the reasons explained below, the court (I) court permits expedited discovery because Plaintiffs have established good cause but (II) limits the scope of expedited discovery. Additionally, the court (III) denies the parties' requests concerning AEO designations under the SPO and (IV) extends the deadline for the parties to file their respective witness lists and submit their respective exhibits to be used at the hearing on Plaintiffs' motion for preliminary injunction.

### I. Plaintiffs Have Established Good Cause to Permit Expedited Discovery.

Because Plaintiffs have shown good cause, the court permits expedited discovery. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by [Fed. R. Civ. P.] 26(f)."[61] However,

> a court may exercise its broad discretion to alter the timing, sequence, and volume of discovery, including granting expedited discovery. The party seeking expedited discovery has the burden to show good cause for the requested departure from usual discovery procedures. Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant. For example, good cause may exist where a party seeks a preliminary injunction or where physical evidence may be consumed or destroyed with the passage of time.[62]

---

[60] ECF No. 107.

[61] Fed. R. Civ. P. 26(d)(1).

[62] *Am. Equip. Sys., LLC v. Chester*, No. 2:23-CV-00680-DBB-DBP, 2023 WL 8261427, at *2 (D. Utah Nov. 29, 2023) (citation modified); *see also Vivint, Inc. v. Sunrun, Inc.*, No. 2:24-CV-0034-JNP-DBP, 2024 WL 3069228, at *1 (D. Utah June 20, 2024) (same).

District courts in the Tenth Circuit consider the following factors to determine whether good cause exists to support a motion for expedited discovery: "(1) whether [a motion for] preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."[63] "These factors are not binding, and the court has discretion on whether to authorize expedited discovery."[64] Each factor is considered in turn below.

First, Plaintiffs' motion for preliminary injunction is pending. Thus, this factor weighs in favor of permitting expedited discovery.

Second, as demonstrated below, some of Plaintiffs' discovery requests are overbroad and seek information that falls outside the scope of permissible discovery under Rule 26(b)(1). Although that typically weighs against allowing expedited discovery, the court will limit any of Plaintiffs' improper discovery requests in Section II below. Consequently, this factor is neutral.

Third, Plaintiffs have provided a legitimate reason for permitting expedited discovery. The Tanara Defendants have raised the defense that although they may have copied Andina's materials and placed the materials in their possession, they did not use the materials. This is precisely the justification for the court allowing expedited discovery in *American Equipment*

---

[63] *Am. Equip. Sys., LLC*, 2023 WL 8261427, at *2 (citation modified); *see also Vivint, Inc.*, 2024 WL 3069228, at *1 (same).

[64] *Am. Equip. Sys., LLC*, 2023 WL 8261427, at *2 (citation modified); *see also Washington v. Correia*, 546 F. App'x 786, 787 (10th Cir. 2013) (recognizing that the decision about whether to permit expedited discovery is "within the court's discretion").

*Systems, LLC v. Chester*.[65] Additionally, Plaintiffs have proffered some evidence indicating that the information they seek through expedited discovery is at some risk of being lost unless it is produced quickly, which is a valid purpose too.[66] Therefore, this factor weighs in favor of expedited discovery.

Fourth, the court acknowledges that Plaintiffs' discovery requests, as drafted, would impose a significant burden on the Tanara Defendants and the PCIS Defendants. However, as previously indicated, the court will impose limits on Plaintiffs' discovery requests in Section II below. Although that will not eliminate the burden on the Tanara Defendants and the PCIS Defendants, the court's limitations will significantly reduce that burden. Accordingly, this factor is neutral.

Finally, although Plaintiffs' motion for expedited discovery came several months after they moved for a preliminary injunction, the motion for expedited discovery was filed well in advance of the typical discovery process. Under the court's Order to Propose Schedule, the procedures for scheduling in a civil case—including the requirement that the parties conduct their Rule 26(f) conference—are not triggered until the first answer to the complaint is filed.[67] Here the Tanara Defendants and the PCIS Defendants have moved to dismiss[68] and,

---

[65] *Am. Equip. Sys., LLC*, 2023 WL 8261427, at *3 (allowing expedited discovery because the plaintiff sought "information to better identify allegedly misappropriated trade secrets, the location of such information, and the extent of [the defendants]' unfair competitive activity" (citation modified)).

[66] *Id*. at *2 (providing that good cause for expedited discovery "may exist . . . where physical evidence may be consumed or destroyed with the passage of time" (citation modified); *see also Vivint, Inc.*, 2024 WL 3069228, at *1 (same).

[67] ECF No. 25.

[68] ECF No. 51.

consequently, have not answered Plaintiffs' complaint. Thus, Plaintiffs requested expedited discovery far in advance of the typical discovery process. On balance, the court's consideration of the foregoing factors weighs in favor of permitting expedited discovery. Therefore, the court grants Plaintiffs' request for expedited discovery.

## II. The Court Limits the Scope of Expedited Discovery.

Although the court permits expedited discovery, the scope of any disputed discovery will be limited in some respects. Below, the court (A) addresses the discovery the Tanara Defendants must provide to Plaintiffs. Thereafter, the court (B) rules on the scope of the parties' remaining proposed discovery requests. For any expedited discovery permitted below, all discovery responses must be served by no later than **October 28, 2026**. Additionally, to the extent necessary, the parties are obviously free to place any appropriate confidentiality designations on their responses under the SPO.

### A. Discovery the Tanara Defendants Must Provide to Plaintiffs

As indicated above, with the exception of seven additions, Plaintiffs have accepted the Tanara Defendants' list of proposed discovery requests to which the Tanara Defendants will respond in expedited discovery. In doing so, Plaintiffs have effectively abandoned the proposed discovery requests to the Tanara Defendants contained in Plaintiffs' motion for expedited discovery. Thus, the court will not consider Plaintiffs proposed discovery requests to the Tanara Defendants and orders the Tanara Defendants to provide responses to the proposed discovery requests in the table above.

B. Remaining Proposed Discovery Requests

In the tables below, the court rules on the scope of: (1) Plaintiffs' proposed additions to the Tanara Defendants' discovery requests; (2) the Tanara Defendants' proposed discovery requests to Plaintiffs; (3) Plaintiffs' proposed discovery requests to the PCIS Defendants; and (4) the PCIS Defendants' proposed discovery request to Plaintiffs.

In reaching the rulings below, the court is mindful of several principles. First, the requirements of Rule 26(b)(1) apply to all discovery requests, which requires the court to consider both the relevance and proportionality of the proposed discovery as it relates to the motion for preliminary injunction.[69] Second, when considering document requests, the court must apply Rule 34(b)(1)(A), which provides that a document request "must describe with reasonable particularity each item or category of items to be inspected." Finally, when considering any discovery request, Rule 26(b)(2)(C)(iii) requires the court to "limit the . . . extent of discovery" if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

1. Plaintiffs' Proposed Additions to the Tanara Defendants' Discovery Requests

| Discovery Request | Ruling |
|---|---|
| Native files, metadata, and version history from October 1, 2025, to the date of production for the Tanara Defendants' investment model spreadsheets, rather than only current copies of the investment model spreadsheets | Plaintiffs fail to show that all the information sought through this request is relevant to the limited relief sought in their motion for preliminary injunction. Additionally, the request is overbroad, and the additional information sought is not proportional to the needs of the motion for preliminary injunction. Accordingly, the court limits this request by requiring the Tanara Defendants to produce the native files and metadata of the version of their investment model |

[69] *Am. Equip. Sys., LLC*, 2023 WL 8261427, at *3 (stating that expedited discovery related to a motion for preliminary injunction "should center on the issues raised by the motion for preliminary injunction").

| | |
|---|---|
| | spreadsheets as they: (1) existed on October 1, 2025; and (2) exist on the date of production. |
| Model files and trades for the Tanara Defendants' Dynamic Allocation Model, rather than only a narrative description written by counsel in response to the Tanara Defendants' proposed interrogatory about the Dynamic Allocation Model | Plaintiffs fail to show that the information sought through this request is relevant to the limited relief sought in their motion for preliminary injunction. This request is also overbroad and seeks information that is not proportional to the needs of the motion for preliminary injunction. Therefore, the Tanara Defendants are not required to respond to this proposed addition.[70] |
| Trades and holdings, with consistent account identifiers through the date of production, for every style and model in the Tanara Defendants' Black Diamond and iRebal environment, rather than only the styles identified in the Tanara Defendants' proposal | Plaintiffs fail to show that the information sought through this request is relevant to the limited relief sought in their motion for preliminary injunction. This request is also overbroad and seeks information that is not proportional to the needs of the motion for preliminary injunction. Accordingly, the Tanara Defendants are not required to respond to this proposed addition. |
| Audit and deletion records through the date of production, rather than audit and deletion records only until June 30, 2026 | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The Tanara Defendants are ordered to respond to this request. |
| Every version of the Investment Suite located by the Tanara Defendants' forensic vendor, with metadata | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The Tanara Defendants are ordered to respond to this request. |
| In response to the Tanara Defendants' proposed screener interrogatory, the inputs, data sources, and first-use date of each screen | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The Tanara Defendants are ordered to respond to this request. |
| Interrogatory identifying each outside consultant, firm, or individual who helped build or run the Tanara Defendants' models or structured-note process, and what each received | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The Tanara Defendants are ordered to respond to this request. |

[70] *Jensen v. Utah Cnty.*, No. 2:24-CV-00887-JNP-CMR, 2025 WL 42150, at *4 (D. Utah Jan. 7, 2025) ("It is counsel's responsibility, not the court's, to frame an appropriately broad discovery request. To conclude otherwise 'would encourage attorneys to abdicate this responsibility in favor of phrasing their discovery requests in the broadest possible terms and placing the burden on the district court of coming up with an appropriately limited request.'" (quoting *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017)) (citation modified)).

| | |
|---|---|
| Full export of the Microsoft 365 unified audit log for the Tanara Defendants' tenant and a sworn certification stating what was exported, the Tanara Defendants audit tier, and the earliest date still available | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The Tanara Defendants are ordered to respond to this request. |

2. <u>The Tanara Defendants' Proposed Discovery Requests to Plaintiffs</u>

| **Discovery Request** | **Ruling** |
|---|---|
| Current copies of the investment model spreadsheets Andina has used from April 9, 2026, to the present | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| Andina's investment committee notes from April 8, 2026, to the present | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| For all trades for clients from April 9, 2026, to September 30, 2026, a report showing the transaction type (buy or sell), the account number (masked), the trade date, and the ticker for the following styles:<br>Glbl Target Equity 60 + Focused Quality<br>Glbl Target Equity 80 + Focused Quality<br>Glbl Target Equity 100 + Focused Quality<br>Glbl Target Equity 60 + Focused Dividend<br>Glbl Target Equity 80 + Focused Dividend<br>Glbl Target Equity 100 + Focused Dividend<br>Glbl Target Equity 60 + Focused Large Cap<br>Glbl Target Equity 80 + Focused Large Cap<br>Glbl Target Equity 100 + Focused Large Cap<br>Global Target Equity 100<br>Global Target Equity 20<br>Global Target Equity 40<br>Global Target Equity 60<br>Global Target Equity 80<br>Focused Dividend Growth Portfolio<br>Focused Large Cap Portfolio<br>Focused Quality US Portfolio | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| A report showing a snapshot of the aggregate of the client holdings in the investments listed immediately above as of April 9, 2026, and September 30, 2026 | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| Andina's structured notes standard operating procedure | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |

| | |
|---|---|
| Andina's worksheets for each structured note trade from April 9, 2026, to October 1, 2026 | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| A sample email exchange between Andina and a structured-note issuer dated after April 9, 2026, and a preliminary and final prospectus for the trade, showing how Andina sizes and tracks structured note investments | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| MoveBot data transfer logs, showing all Andina digital information transferred to the Tanara Defendants | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |
| All Teams messages containing communications to or from Brett Belliston, Zeb Lowe, or Penny Paul | This request is overbroad and fails to describe the documents sought with reasonable particularity because it uses the omnibus term "all"[71] and fails to include any time limitation. Therefore, Plaintiffs are not required to respond to this request. |

3. Plaintiffs' Proposed Discovery Requests to the PCIS Defendants

| **Discovery Request** | **Ruling** |
|---|---|
| Request for Production No. 1 | This request is overbroad and fails to describe the documents sought with reasonable particularity because it employs omnibus terms, seeks broad categories of information, and contains no time limitation. Accordingly, the PCIS Defendants are not required to respond to this request. |
| Request for Production No. 2 | This request is overbroad and fails to describe the documents sought with reasonable particularity because it uses the omnibus term "all documents and communications" and seeks broad categories of information. Consequently, the PCIS Defendants are not required to respond to this request. |
| Request for Production No. 3 | This request is overbroad and fails to describe the documents sought with reasonable particularity because it uses the omnibus term "all documents and communications" and seeks broad categories |

[71] *Schmelzer v. IHC Health Servs., Inc.*, No. 2:19-CV-00965-TS-JCB, 2022 WL 16646456, at *6 & n.54 (D. Utah Feb. 10, 2022) (citing numerous cases "condemning the use of . . . omnibus terms and broad categories of information" in discovery requests), *objections overruled*, No. 2:19-CV-965-TS, 2022 WL 1224976 (D. Utah Apr. 26, 2022).

| | |
|---|---|
| | of information. Therefore, the PCIS Defendants are not required to respond to this request. |
| Interrogatory No. 1 | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The PCIS Defendants are ordered to respond to this request. |
| Interrogatory No. 2 | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. The PCIS Defendants are ordered to respond to this request. |

4. The PCIS Defendants' Proposed Discovery Request to Plaintiffs

| **Discovery Request** | **Ruling** |
|---|---|
| Current versions of the Andina models that Andina claims resemble the PCIS Defendants models | The information sought through this request is relevant and proportional to the needs of Plaintiffs' motion for preliminary injunction. Plaintiffs are ordered to respond to this request. |

## III. The Court Denies the Parties' Requests Concerning AEO Designations Under the SPO.

Plaintiffs, the Tanara Defendants, and the PCIS Defendants each make requests concerning the designation of information as AEO under the SPO. Those issues are not properly before the court. The SPO has a specific process for challenging a party's designation of information as AEO, and that process has not been utilized here. Although the court expects that the parties' counsel will make AEO designations properly and in good faith, any challenge to an AEO designation must be brought before the court pursuant to the procedure for such challenges contained in the SPO. Accordingly, the parties' requests concerning AEO designations under the SPO are denied.

## IV. The Court Extends the Deadline for the Parties to File Their Respective Witness Lists and Submit Their Respective Exhibits to Be Used at the Hearing on Plaintiffs' Motion for Preliminary Injunction.

The court acknowledges that the deadline for discovery responses set above postdates the parties' current deadline of October 21, 2026, for filing witness lists and submitting exhibits to be used at the hearing on Plaintiffs' motion for preliminary injunction. Accordingly, the court extends the deadline for the parties to file their respective witness lists and submit their respective exhibits to **October 30, 2026**.

## ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS that Plaintiffs' motion for expedited discovery[72] is GRANTED IN PART and DENIED IN PART, as detailed above.

IT IS SO ORDERED.

DATED this 16th day of October 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[72] ECF No. 91.